# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

  v.                                       Case No. 07-CR-247

**MANUEL ARGUIJO-CERVANTES**
        Defendant.

## SENTENCING MEMORANDUM

Defendant Manuel Arguijo-Cervantes pleaded guilty to unlawful re-entry after deportation, contrary to 8 U.S.C. §§ 1326(a) & (b)(2). In imposing sentence on defendant, I first calculated his advisory sentencing guideline range, then determined the appropriate sentence under all of the factors set forth in 18 U.S.C. § 3553(a). See Gall v. United States, 128 S. Ct. 586, 596 (2007); United States v. Holt, 486 F.3d 997, 1004 (7th Cir. 2007).

**I.**

Defendant's pre-sentence report ("PSR") recommended an offense level of 21: base level 8 under U.S.S.G. § 2L1.2(a), plus 16 based on defendant's prior conviction of a drug trafficking offense for which the sentence exceeded 13 months under § 2L1.2(b)(1)(A)(i), and minus 3 for acceptance of responsibility under § 3E1.1. Coupled with a criminal history category of IV, the PSR recommended an imprisonment range of 57-71 months. Neither side objected to the PSR's calculations, which I found to be correct and adopted.

**II.**

In imposing the ultimate sentence, the district court must consider all of the factors set forth in § 3553(a), United States v. Harris, 490 F.3d 589, 593 (7th Cir. 2007), cert. denied, 128

S. Ct. 963 (2008), including:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After considering these factors, the court must select a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing, which are (A) just punishment, (B) deterrence, (C) protection of the public and (D) rehabilitation of the defendant. Id. In making this determination, the district court may not presume that the guideline sentence is the correct one. Rita v. United States, 127 S. Ct. 2456, 2465 (2007); United States v. Demaree, 459 F.3d 791, 794-95 (7th Cir. 2006), cert. denied, 127 S. Ct. 3055 (2007). Rather, after accurately calculating the advisory range so that it "can derive whatever insight the guidelines have to offer, [the district court] must sentence based on 18 U.S.C. § 3553(a)

2

without any thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007).

### III.

### A.

In June of 2007, Wisconsin state authorities notified Immigration and Customs Enforcement ("ICE") that defendant had been taken into custody for a probation violation,[1] and that he appeared to be an alien previously removed. ICE investigated and learned that defendant had been removed from the United States in May 2006 following his conviction of cocaine distribution, an aggravated felony under immigration law.

ICE lodged a detainer, and in September 2007 state authorities transferred defendant to federal custody. During ICE processing, defendant admitted that he was a citizen of Mexico and last entered the United States in May 2007 at or near Hidalgo, Texas, without inspection or permission. He indicated that he returned in order to be with his wife, a U.S. citizen, and his extended family in this country.

### B.

Fifty years old at the time of sentencing, defendant had compiled a fairly significant record in this country. In 1989, he was convicted of possession with intent to deliver marijuana; in 2000, he was convicted of being a felon in possession of firearms; and in 2004, he was convicted of possession with intent to deliver cocaine, for which he was sentenced to two years in prison followed by four years of extended supervision. ICE deported defendant on May 13, 2006 after he completed the confinement portion of the drug sentence, but he returned about

---

[1] The violation at issue was defendant's unlawful presence in the country. He apparently came to the attention of state authorities after a routine traffic stop.

3

one year later, thus committing the instant offense (and violating the terms of his state supervision, which included a directive that he not re-enter).

Defendant first came to the United States from Mexico with his mother at the age of four, but he apparently traveled back and forth between the two countries as a child. In 1979, he married in Wisconsin and settled in Stoughton, Wisconsin, where the family lived since 1986. Defendant's wife is a citizen, employed at a local school. She stated that he was a good husband and father to their three children, all of whom were grown (and also U.S. citizens). Defendant's wife also indicated that he returned to this country to be with the family, to see their son get married, and be here for the birth of a grandchild. Defendant's son and daughter also made positive statements to the PSR writer, and I received numerous letters about defendant's kind and generous nature.

Defendant earned an HSED and a welding certificate while in state prison and took computer classes while detained in this case, all positive steps demonstrating an effort to better himself. However, he had little verifiable work history in this country. He also appeared to have substance abuse issues with alcohol and marijuana, but denied having a problem.

**C.**

The guidelines recommended a term of 57-71 months, and the government advocated a within-range sentence of 60 months. The defense requested a non-guideline sentence of 24-36 months. Under all of the circumstances, I found a sentence somewhat below the range, a sentence of 42 months, sufficient but not greater than necessary to satisfy the purposes of sentencing.

While a substantial prison term was needed to provide just punishment and promote respect for the law, see 18 U.S.C. § 3553(a)(2)(A), I accepted that defendant's motive in

4

returning to this country was to be with his family in Wisconsin. Defendant apparently had some family in Mexico, but he did not know them very well; his immediate family all live here, and he has resided in this country most of his adult life. I also noted that there was no evidence that defendant engaged in new criminal activity during his most recent period of re-entry.[2] As I have concluded in other § 1326 cases, a defendant's motive for returning to the United States is a legitimate sentencing consideration, as is the nature of his conduct once he comes back. See, e.g., United States v. Campos-Cervantes, No. 06-CR-168, 2007 WL 2463294, at *2 (E.D. Wis. Aug. 27, 2007); United States v. Salazar-Hernandez, 431 F. Supp. 2d 931, 935 (E.D. Wis. 2006); see also United States v. Peralta-Espinoza, 383 F. Supp. 2d 1107, 1112 (E.D. Wis. 2005) ("A defendant who returns to be with his wife and children . . . is much more deserving of leniency than one who returns to sell drugs[.]"); United States v. Galvez-Barrios, 355 F. Supp. 2d 958, 964 (E.D. Wis. 2005) (noting that a defendant's positive motive for re-entry may weigh in favor of a below guideline sentence).[3]

I also considered the need to protect the public and to deter, factors that weighed in favor of a substantial prison sentence, given defendant's felony record and disregard of our

---

[2]As the government noted, defendant had been back in the country for just a short time before his arrest in June 2007. Nevertheless, it was clear that his motive in returning was to rejoin his family and attend his son's wedding, not to re-commence drug trafficking.

[3]I also considered the guidelines' use of a harsh 16 level enhancement in these types of cases, which was adopted with little discussion and no research. See Galvez-Barrios, 355 F. Supp. 2d at 961-63. In many cases, this enhancement will produce a sentence greater than necessary to provide just punishment and deter. In this case, however, defendant had a serious prior record, containing three felonies – two drug cases and one gun case. Thus, I did not give this factor great weight in the present case.

5

immigration laws.[4]  See 18 U.S.C. § 3553(a)(2)(B) & (C).  Defendant indicated that after release and deportation he planned to live with a sister in Mexico in a house that belonged to their parents, and that he and his wife had discussed her following him there.  Thus, although I had some doubts about whether defendant would return, he seemed to be planning for a life in Mexico.  In any event, I concluded that a prison sentence of 3 ½ years would be sufficient to deter him from again crossing the border.  I had serious doubts that any sentence I imposed would have any general deterrent effect, but I considered that factor as well in determining that a substantial prison term was necessary.  Defendant would likely benefit from some substance abuse treatment, but I saw no other correctional needs.  See 18 U.S.C. § 3553(a)(2)(D).

**IV.**

Under all of the circumstances, I found a sentence of 42 months sufficient but not greater than necessary to satisfy all of the purposes of sentencing.  This sentence was about twice as long as any previous term defendant served, making it sufficient to deter him from future law violations.  The sentence varied from the range by only about 3 levels and was supported by the particular facts of the case, so it created no unwarranted disparity.  See 18 U.S.C. § 3553(a)(6).

Therefore, I committed defendant to the custody of the Bureau of Prisons for 42 months, with a recommendation that he participate in any substance abuse treatment programs available.  See 18 U.S.C. § 3553(a)(2)(D).  The guidelines recommended supervised release

---

[4]Defendant argued that category IV overstated the severity of his record.  He noted that the state court imposed consecutive sentences on his 2000 convictions for felon in possession of firearms, which caused those convictions to score 3 points.  I disagreed that category IV overstated his record.  ICE deported defendant after he accumulated three separate felony convictions, one of which was too old to score criminal history points.

6

in this case, but the statute of conviction did not mandate supervision. Given the fact that defendant would be deported upon completion of his sentence and thus not available for supervision, I saw no need for supervised release. See United States v. Parker, 508 F.3d 434, 442 (7th Cir. 2007) (noting that "supervised release is discretionary absent a separate statutory provision making it mandatory"). Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 6th day of March, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge